## METROPOLITAN LIFE INS. CO. v. FECZKO.

*Insurance—Life—Compliance with conditions in policy pre-*
*requisite to recovery thereon—Untrue statements, innocent-*
*ly made, render policy void—Recovery defeated by state-*
*ments in application as to physical condition.*

1. Conditions expressed in policy of life insurance must be complied with before there can be recovery on policy.
2. Statements made in an insurance policy if not true are conditions which defeat going into effect of policy and make it void though party makes statements innocently.
3. In action by beneficiary to recover on life policy, statements by insured, in application which becomes part of policy, that he had never been treated by physician or never had any ailments of any kind, *held* to avoid recovery on policy, when in fact insured, prior to writing policy, had been in hospital and had exploratory operation performed on him and was found to have bad case of cancer from which he died, and of which insurer did not know until death of insured.

(Decided October 10, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Cook, McGowan, Foote, Bushnell & Burgess,* for plaintiff in error.
*Mr. Philip Sampliner,* for defendant in error.

VICKERY, J. This case came into this court on a petition in error to the municipal court of the city of Cleveland.

In the court below the defendant in error Karolina Feczko, brought an action to recover on an insurance policy that theretofore had been issued by the Metropolitan Life Insurance Company upon the life of John Feczko, since deceased. The issues

were made up, and on the trial of the case before his honor, Judge Bradley Hull, a judgment was rendered in favor of the plaintiff below for the full amount of the policy, and it is to reverse that judgment that error is prosecuted here.

It seems that Feczko was insured by the Metropolitan Life Insurance Company after certain inquiries had been made of him, the answers to which on paper seemed to be satisfactory, whereupon the policy was issued. This was in March, 1924, I think, and Feczko died in January, 1925, from the effects of a cancer. When proof of loss was made, the insurance company, upon investigation, learned that this man's condition at the time the policy was written was not as represented, and the company tendered back the premium and refused to pay the policy.

The record is quite full of things which go to defeat the right of the plaintiff to recover in this action. The record plainly shows that prior to the writing of this insurance policy Feczko had been at the City Hospital and had there had an exploratory operation; that during this operation the doctors found that his condition was such that it would be dangerous to operate upon him; that he had a cancer; that the doctors thereupon sewed him up without operating upon him; and that after Feczko recovered from the incision he returned home. The record shows that subsequently, Dr. Spurney, the family physician was called, and he describes the conditions of this man as he then found them. He testifies that Feczko had suffered from an operation, and apparently was emaciated, and had all the symptoms of one who had cancer; he could not

eat, he vomited frequently, and he could not keep things on his stomach.

So impressed was his honor, the trial judge, that this man did have a cancer and that he died from the effects of it, that in his opinion he says there was no question about it.

The application contains a list of questions which this man signed, and is purported to have answered. It was claimed in argument in this case that these questions, as a matter of fact, were not asked of him. How that claim can be made in view of the testimony of Dr. Heidler, the examining physician, is not conceivable. It is true the doctor said that one or two of the questions were not asked him, for they were in his opinion included in the other questions. One of those questions was: "Was he ever in the hospital?" The doctor says he did not ask that question, but the other question as to whether he was ever treated by a doctor would cover it.

It is argued in this case by counsel for defendant in error that this man made these answers, if he made them, innocently. In view of the fact that he had been in the hospital, and was there for at least a month, how he could say without knowing it that he never had been treated by a physician, or never had any ailments of any kind, would be difficult to understand. But assuming that he did not know that he had been in the hospital, assuming that he did not know that he had been treated by a physician, it seems that counsel for the defendant has entirely mistaken the force and effect of conditions or statements in life insurance policies. He relies upon the statute which holds that fraud cannot be charged unless the answers were intention-

ally made for the purpose of deceiving, and did deceive.

Coming back to the testimony of Dr. Heidler, it clearly appears that Heidler knew nothing about the former condition of this man; he was not told by any one; he made such examination of him as is usually made in life insurance cases, and had to rely upon the statements of the insured in order to draw a proper conclusion or opinion.

But assuming that the man acted innocently in all these answers to the questions propounded, then we are confronted with the statute which provides that unless the answers are intentionally made they are not, as a matter of fact, fraudulent. In so far as the application is concerned, the whole argument of defendant in error is to the effect that there was no fraud in it, and that, therefore, the policy was a valid policy. I think the learned counsel must have entirely overlooked the authorities on this proposition. It is true, the application becomes a part of the policy, but the policy expresses some conditions, and unless those conditions are complied with the law is, and always has been, that there can be no recovery upon the policy of insurance. In other words, the statements made in an insurance policy, if not true, are conditions which defeat the going into effect of the policy, or, in other words, make it absolutely void, and the authorities hold, without any exception, I think, that the policy is canceled even though the party makes those statements innocently. It is not a question as to whether he knew it or not. The question is that if the fact existed and was not communicated to the insurance company, the policy

would be void at the option of the insurance company.

Now in this case as soon as this man died and a demand was made for the payment of the policy, the insurance company upon learning these facts, tendered back the premiums and resisted the payment of the policy. They could not have known of these conditions in ordinary cases until the question arose in this way, and so the right to resist this policy was exercised by the insurance company.

A leading case in this state upon this proposition is the case of *Metropolitan Life Ins. Co.* v. *Howle,* 62 Ohio St., p. 204, 56 N. E., 908, which we understand to be the law of insurance in Ohio to-day in cases like the one at bar.

In the case of *New York Life Ins. Co.* v. *Wertheimer,* 272 F., 730, decided by Judge Westenhaver of the District Court of the United States for the Northern District of Ohio, the facts were practically the same as they are in the instant case. And there are numerous other cases.

We have gone over this entire record and familiarized ourselves with the briefs, and can come to no other conclusion than that the judgment of the court below was not only not supported by sufficient evidence, but was contrary to law, and for these two reasons the judgment must be reversed and final judgment entered for plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

SULLIVAN, P. J., and LEVINE, J., concur.